The People of the State of Illinois, Plaintiff-Appellee, v. Lee Wyckoff, Defendant-Appellant.

Gen. No. 68–140.

Second District.

February 25, 1969.

Rex Meilinger, of Aurora, for appellee.

William R. Ketcham, State's Attorney of Kane County, of Elgin, and W. Ben Morgan, Assistant State's Attorney, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant appeals from a judgment, entered upon his plea of guilty to the offense of Indecent Liberties with a Child, imposing a sentence of not less than 4 years nor more than 7 years in the penitentiary. A motion for probation was denied.

He urges as errors, that he was sentenced under an amendment to the Criminal Code passed subsequent to the act charged, and that the court abused its discretion in refusing to grant his application for probation.

At the time of the acceptance of the plea of guilty, the court ordered a presentence investigation by the probation officer and set a date for hearing on the ap-

plication for probation. At that hearing the presentence investigation report was placed in the record. It appeared from the report that the defendant, at the time of the offense, was nineteen years of age, and the victim was either fourteen or just about fourteen and had willingly cooperated in the illicit acts; that according to the defendant's statement there were only two acts more than six months apart. It further appeared that defendant had eleventh grade education; that he had no prior criminal record other than three minor traffic offenses and had been gainfully employed for several years as a press operator with a good work record. The report refers to a remark allegedly made to an Aurora policeman that defendant would rather be sent to jail now because he would refuse to be drafted and would have to go to jail anyway; that he would be willing to go to jail for five years rather than go in the army. The report also refers to a finding on an investigation that the defendant had been spending every Friday night with the minor girl until the time that he found out that she was pregnant. The report concluded that the girl was now seven months pregnant. The probation officer's report recommended that probation be denied.

At the hearing the defendant testified that he thought the victim was older and did not realize that he was committing a criminal offense. He referred to a conversation between the stepfather of the victim and himself, when the stepfather had told him that the girl was pregnant and that she had said she was having a baby by the defendant. He testified that he had told the stepfather that it wasn't possible and he declined to recognize the child as being his. The defendant testified that it was a couple of weeks after this conversation with the stepfather that the charges were filed against him because he would not pay the doctor's bill, but that he stated he would make the payments until there were arrangements made to take a blood test.

362

He indicated that there were other people having intercourse with the girl, but that he had no proof of this.

When his attorney asked him about the reference in the report to the military service, he answered, "Well, I don't see where you get anything out of killing." Thereafter, the court inquired of the defendant,

> "And do I understand you correctly you stated that you preferred not to go in the service of our Country because you didn't think you'd get anything out of it?"

> The Defendant: "No, I said I didn't see where you get anything out of killing. That is what I said."

Before denying probation, the court said:

> "I am very much impressed by the fact that you attempt to show other people may have had intercourse with this young girl. I don't take that as any excuse for your conduct, Mr. Wyckoff. Your application for probation is denied."

Thereafter, the court gave the defendant opportunity to add any facts by way of aggravation or mitigation and none were added to the record. The court thereupon sentenced the defendant.

█ The defendant contends that the court acted in an arbitrary manner as the result of emotional bias and prejudice within the meaning of the rule laid down in People v. McAndrew, 96 Ill App2d 441, 239 NE2d 314 (1968). We do not agree. Neither the court's interest in the attitude of the defendant towards the laws requiring military service, nor to the defendant's lack of appreciation for his personal responsibility undiminished by what he might have thought others had done, indicated any emotional bias on the part of the judge. Rather, each is a legitimate inquiry into the question of whether the rehabilitation of the defendant requires that he receive the penalty provided and is well within the discre-

tion of the court set forth in section 117–1 of the Code of Criminal Procedure of 1963 (Ill Rev Stats 1967, c 38, par 117–1).

However, we believe that the defendant is correct in his claim that the court sentenced him under a misapprehension of the statute in effect concerning his offense. The offense charged in the indictment occurred in July of 1967. It was charged as a violation of section 11–4 of the Criminal Code of 1961. The penalty for this offense under the 1961 act was an indeterminate sentence of 1 to 20 years. The penalty provision of the statute was amended on September 1, 1967, to provide a minimum penalty of 4 years with a maximum of 20 years.

When the defendant pleaded not guilty upon his arraignment he was advised by his attorney in the presence of the court that the offense was punishable by a term of from 4 to 20 years. Subsequently when the defendant withdrew his plea of not guilty and entered his plea of guilty he was again advised by his counsel in the presence of the court that the punishment was from 4 to 20 years. At the time of the hearing on his application for probation the same representation was made before the court, both by the attorney for the defendant and by the State's Attorney who was asked by the court as to the maximum and minimum penalties immediately prior to the sentencing.

It is clear that punishment for the offense cannot be increased by an amendatory act taking effect after the offense has been committed, within the constitutional prohibition against ex post facto laws. People v. Ostrowski, 293 Ill 91, 93, 127 NE 379 (1920). The state agrees with defendant's contention that the older statute applies to this case and points out further that under Ill Rev Stats 1965, c 131, § 4, any penalty accruing under a former law before an amended statute takes effect shall be governed by the former law. The

364

state, however, takes the position that the term of 4 to 7 years is compatible either with the law as it was at the time the offense was committed or the law which became effective in 1967, and that within the rule that a presumption of regularity attends all court proceedings, it is to be presumed that the court sentenced the defendant with the proper statute in view. However, we cannot indulge in that presumption on the state of this record. While we would normally prefer to remand the cause so that the trial judge might consider the sentencing under the proper statute, we believe that in this particular case it is so clear from the record that the trial court had in mind an indeterminate term beginning with the minimum and extending the maximum to 3 years, that we will exercise our authority here in accordance with Supreme Court Rule 615(b)(4), (Ill Rev Stats 1967, c 110A, § 615(b)(4)).

Therefore, the defendant's sentence is reduced to a minimum of 1 year and a maximum of 3 years in the Illinois State Penitentiary. As modified, the judgment of the court below is affirmed.

Judgment modified and affirmed.

MORAN, P. J. and DAVIS, J., concur.