THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLEMENT W. JOHNSON, Defendant-Appellant.

(No. 11282;

Fourth District—November 19, 1970.

Morton Zwick, Director of Defender Project, of Chicago, (John F. McNichols, of counsel,) for appellant.

Paul R. Welch, State's Attorney, of Bloomington, (Harold M. Jennings, R. Stephen Carr, and John A. Beyer, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

We here deal with a misapprehension of the applicable statute by all parties. On January 5, 1970, defendant was sentenced to the penitentiary for not less than three nor more than six years for the unlawful possession of marijuana. The offense was committed on September 14, counsel was appointed, a plea of guilty entered, probation denied, and hearing in aggravation and mitigation was consolidated with the probation hearing. The defendant appeals from the sentence on the ground that there is nothing in the record to indicate whether the possession of the defendant amounted to more than 2.5 grams or less than 2.5 grams of marijuana and thus the sentence is improper and should be reduced.

■■ The statute in force on September 14, Ill. Rev. Stat. 1969, ch. 38, par. 22-40, for possession of less than 2.5 grams, provided that the imprisonment should be in a penal institution other than the penitentiary for not more than one year or for a fine of not more than $1,500.00, or both. For any subsequent offense under this paragraph, the violator should be fined not more than $5,000.00 and be imprisoned in the penitentiary for not less than two years nor more than ten years. Where the amount of marijuana exceeded 2.5 grams, the initial sentence would be $5,000.00 and imprisonment in the penitentiary for a period of not less than two years nor more than ten and for a subsequent offense the imprisonment should be for any term from five years to life. A subsequent offense was defined as a previous conviction of an offense under this or any previous Act of this State relating to narcotic drugs or a felony under any law of the United States or the District of Columbia relating to narcotics. By an amendment effective September 22, 1969, the sentence for the conviction of a first offense was for a period of not less than two nor more than ten years with a subsequent offense carrying a five year to life sentence. A third amendment effective October 3, 1969, provided for the first time that a subsequent offense means not only a previous conviction under the laws of this State or the United States or of the District of Columbia, but also "any other State of the United States relating to narcotic drugs". When the defendant entered his plea of guilty, he was informed in open court that he could be sentenced for not less

than two nor more than ten years. Such information would have been accurate under the statute only in event that more than 2.5 grams of marijuana were possessed by him or that less than 2.5 grams of marijuana were possessed by him and he had a previous conviction in this State or under the Federal laws or in the District of Columbia. The record does show a prior conviction in the State of California, but violation of the law in sister states was not within the definition of a "subsequent offense" as the statute existed on September 14. Under the facts in this case, we are not required to determine the effect of the September 22 and October 3 amendments which were in force at the time of sentencing, but were not in force at the time the crime was committed. The last two amendments increased the punishment after the act and thus become constitutionally prohibited *ex post facto*. *People v. Wyckoff*, 106 Ill.App.2d 360, 245 N.E.2d 316.

■■ We have noted the total absence of proof as to the quantity of marijuana. It does not follow, however, that the crime of possession of marijuana has not been established. In *People v. Swinson*, 406 Ill. 233, 92 N.E.2d 758, the Supreme Court held that "grand larceny" and "petit larceny" were not distinct crimes but that the only distinction was the difference in the facts determinative of appropriate punishment. It seems clear to us by the same reasoning that the crime of possession of marijuana was established in this record. If the State's Attorney was seeking a maximum penalty, it was obligatory upon him to establish in the record that more than 2.5 grams were possessed or in the alternative that this was a second conviction for violation of a statute relating to possession of narcotics. He cannot rely upon a second conviction in this instance, because, as we have pointed out, the second conviction on September 14 could only be for a second conviction in Illinois, or a second conviction in Illinois where the prior conviction was violation of a Federal law or the laws of the District of Columbia. The provision for a violation of the narcotics law in a sister state did not become effective until October 3. In addition, it is clear that all parties in the courtroom understood that they were not considering a subsequent offense. The defendant was advised that the offense was probational and in fact a probation hearing was conducted and under the statute there is no probation for a conviction of a "subsequent offense". Accordingly, we conclude from this record that all that is required is the imposition of an appropriate sentence within the statutory limitation. We may do this. (*People v. Wyckoff*, 106 Ill.App.2d 360, 245 N.E.2d 316; *People v. Kelly*, 66 Ill.App.2d 204, 214 N.E.2d 290.) Exercising the power conferred upon us in Supreme Court Rule 615 (Ill. Rev. Stat. 1969, ch. 110A, par. 615), the conviction of the defendant is affirmed and the sentence is reduced

to a period of one year to be served in a penal institution other than the penitentiary with credit for such time as may have been served in a penal institution under the sentence imposed by the trial court.

Affirmed with reduced sentence.

CRAVEN, P. J., and TRAPP, J., concur.