THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES WIL-
LIAMS, JR., Defendant-Appellant.

(No. 71-205;

Fifth District—October 16, 1972.

John O. Vogel, of Glen Ellyn, (Paul David Kelley, Legal Researcher, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Philip G. Feder, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from his conviction of rape (Ill. Rev. Stat., ch. 38, par. 11—1), after a jury trial in the Circuit Court of St. Clair County. He was sentenced to a term of not less than 30 years nor more than 60 years in the penitentiary.

We find that no error of law appears, that the evidence is not so unsatisfactory as to leave a reasonable doubt as to defendant's guilt and that an opinion on the question of defendant's guilt would have no precedential value. We therefore affirm defendant's conviction. 50 Ill.2d R. 23.

Defendant contends that the sentence of 30 to 60 years is excessive in view of the fact that he is 22 years of age, has no previous felony convictions, has a distinguished record of service in the Army, including the award of the Purple Heart, and on the basis that such a lengthy sentence never accomplishes effective rehabilitation. By choice he offered no testi-

mony in mitigation. The Appellate Court has express authority in appropriate instances to reduce the punishment imposed. (50 Ill.2d R. 615 (b)(4).) The sentence imposed should be that which at the same time protects the public and provides the greatest potential for restoring the offender to a useful and productive place in society. *People v. Brown,* 60 Ill.App.2d 447, 449, 208 N.E.2d 629.

The offense of which defendant was convicted was a serious one, but this does not mean that the offender be relegated to a category of individuals for whom all hope of rehabilitation has been given up. The sentence imposed by the trial court does not make a provision for the possibility of rehabilitation, and we therefore reduce the sentence to a minimum of not less than seven nor more than 20 years in the Illinois State Penitentiary.

Judgment affirmed and sentence modified.

EBERSPACHER and CREBS, JJ., concur.