THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY DU-PREE, Defendant-Appellant.

(No. 56208;

First District (3rd Division)—January 3, 1974.

Gerald W. Getty, Public Defender, of Chicago (Robert M. Gray and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Zenon Forowycz, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Gary Dupree, was charged upon five separate indictments. Indictments 70-3444 and 70-3445 each charged the sale of marijuana; 70-3446 and 70-3447 each charged the sale of heroin; and 71-609 charged possession of marijuana. Defendant pleaded guilty to possession under each of the indictments and was sentenced to five concurrent terms of two to ten years each in the State Penitentiary under the mandatory sentence provisions of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22-40).

On appeal, defendant contends that his three convictions for possession of marijuana in violation of the Uniform Narcotic Drug Act are unconstitutional; that the sentencing provisions of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402) are applicable to his two convictions for possession of heroin; and that the sentences imposed upon the two convictions for possession of heroin should be modified, or in the alternative, that the two causes be remanded to the trial court for resentencing.

■■ In its brief, the State concedes that the three convictions for possession of marijuana in violation of the Uniform Narcotic Drug Act on Indictments 70-3444, 70-3445 and 71-609 are unconstitutional under the authority of *People v. McCabe* (1971), 49 Ill.2d 338, and *People v. Hudson* (1971), 50 Ill.2d 1, and should be reversed. We agree.

During oral argument of defendant's appeal, the State further conceded that under the authority of *People v. Chupich* (1973), 53 Ill.2d 572, the sentencing provisions of the Controlled Substances Act are applicable to his convictions for possession of heroin under Indictments 70-3446 and 70-3447.

Defendant pleaded guilty to the possession of .19 grams of heroin under Indictment 70-3446, and to the possession of .38 grams of heroin under Indictment 70-3447. The penalties contained in section 1402(b) of the Controlled Substances Act govern the sentences which may be imposed upon the defendant. This subsection originally provided for a sentence of imprisonment in a penal institution other than the State Penitentiary for not more than one year, or imprisonment in the State Penitentiary from one to eight years, and a fine of not more than $15,000. Effective January 1, 1973, this subsection was amended to provide that violators be sentenced in accordance with the provisions governing a Class-3 felony.

■■ Under Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1, the maximum sentence which can be imposed for a Class-3 felony is ten years. The minimum term is one year, unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court. The 1973 amendment to section 1402(b) increased the punishment provided in the original subsection. This amendment, if applied, can result to the disadvantage of the defendant. Therefore, a sentence of the defendant under the provisions of said 1973 amendment would violate the constitutional proscription against *ex post facto* laws. (*People v. Johnson* (1970), 133 Ill.App.2d 818; *People v. Wyckoff* (1969), 106 Ill.App.2d 360.) We

conclude that the penalty provisions of the Illinois Controlled Substances Act as originally enacted are applicable to Indictments 70-3446 and 70-3447.

We now consider the defendant's contention that this court modify the sentences imposed pursuant to Supreme Court Rule 615 and order that defendant be admitted to probation, or in the alternative, remand said causes to the trial court for resentencing under the applicable provisions of the Illinois Controlled Substances Act.

■■ A reviewing court has no authority to reduce a penitentiary sentence to probation under Supreme Court Rule 615. (*People ex rel. Ward v. Moran* (1973), 54 Ill.2d 552.) The records of the Department of Corrections, Parole and Pardon Board, indicate that the defendant was admitted to parole on December 22, 1972, of which records this court may and does take judicial notice. (*People v. Bryan* (1972), 5 Ill.App.3d 1006.) We are of the opinion that in this instance justice will be best served by modifying the sentence within the statutory limitations of the applicable Illinois Controlled Substances Act and acting under the authority of Supreme Court Rule 615. The concurrent sentences imposed by the trial court upon the defendant's conviction for possession of heroin under Indictments 70-3446 and 70-3447 are each reduced to a term of not less than one year and a maximum of not more than eight years. As modified, the judgments therein are affirmed.

Judgment reversed in part and affirmed in part as modified.

McNAMARA, P. J., and DEMPSEY, J., concur.