THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD RENO, Defendant-Appellant.

(No. 58025;

First District (4th Division)—January 23, 1974.

James J. Doherty, Public Defender, of Chicago (Ian Levin and Stanley Sacks, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, and Mark R. Harms, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant, Ronald Reno, was found guilty of rape, aggravated battery, and deviate sexual assault. After a hearing in aggravation and mitigation, the defendant was sentenced to a term of from twenty to forty years for the rape and a consecutive term of from five to ten years for the aggravated battery. No sentence was imposed for the deviate sexual assault.

The issues presented on appeal are (1) whether a sentence of twenty to forty years for rape is excessive; (2) whether the court erred in accepting evidence of a prior juvenile commitment at the hearing in aggravation and mitigation; (3) whether the defendant's sentence of five to ten years for aggravated battery should be reduced in accordance with the Illinois Unified Code of Corrections, effective January 1, 1973.

During the late evening hours of April 19, 1971, the complaining witness, Mrs. Clara Richardson, was doing her laundry in the basement of the apartment building where she lived. At approximately 11:45 P.M., the defendant, Ronald Reno, entered the laundry room, carrying a baseball bat. The defendant ordered Mrs. Richardson into an adjoining boiler room. The defendant then ordered Mrs. Richardson to disrobe, which she did. The defendant partially disrobed and then had sexual intercourse with Mrs. Richardson. Following the act of intercourse the defendant performed an act of deviate sexual assault, that is, oral copulation on the complainant. Mrs. Richardson was then tied up with an ironing cord and left naked. Shortly thereafter, the defendant returned to the scene of the crime. He ordered Mrs. Richardson into the furnace. She refused, and the defendant made no further effort to force her into the furnace. The defendant then brutally beat Mrs. Richardson into unconsciousness with the baseball bat. As a result of the beating the complainant incurred a fractured jaw and a wound on the head requiring twelve stitches to close. Approximately two weeks later, Mrs. Richardson observed the defendant on the street. She called the police and shortly thereafter the defendant was apprehended.

In a jury trial, the defendant was found guilty of rape, aggravated

battery, and deviate sexual assault. He was sentenced to a term of from twenty to forty years for rape and to a term of from five to ten years for aggravated battery. The sentences were to run consecutively.

The defendant first contends the sentence of twenty to forty years for rape is excessive. The defendant bases this contention on the decisions in *People v. Williams* (1972), 7 Ill.App.3d 733, and *People v. Jones* (1972), 6 Ill.App.3d 669, wherein the Appellate Court reduced sentences for rape where the sentences imposed by the trial court failed to provide for the possibility of rehabilitation. The defendant argues that the rape sentence in the instant case precludes any possibility of rehabilitation and is out of proportion to sentences in similar cases.

■■ In view of the nature of the offense and the surrounding circumstances in the present case, we believe the sentence of twenty to forty years for rape was not excessive. The punishment imposed was within the limits prescribed by law. (Ill. Rev. Stat. 1973, ch. 38, § 11—1(c).) In *People v. Taylor* (1965), 33 Ill.2d 417, the Illinois Supreme Court held:

> " 'Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, * * *.' "

In *People v. Chandler* (1972), 7 Ill.App.3d 949, this court held that a sentence of from forty to seventy-five years for rape was not excessive where the trial judge took into consideration the rehabilitation of the defendant and the protection of the public from further offenses. We believe the trial judge in the instant case understood the situation and acted prudently.

Defendant's second contention is that the court erred in accepting evidence of a prior juvenile commitment at the hearing in aggravation and mitigation. The defendant argues the trial judge improperly elicited information from the defendant establishing that the defendant had been committed to the Sheridan Industrial School for Boys, and that from the age of fifteen the defendant had been in custody for six years.

■■ The defendant's contention is without merit. A review of the record in the instant case discloses that the trial judge based the defendant's sentence on the aggravated nature of the crime and not on any prior juvenile commitments. In *People v. Bauer* (1969), 111 Ill.App.2d 211, the appellate court held that evidence of a prior juvenile commitment at the hearing in aggravation and mitigation did not constitute error where the record showed that the trial court placed no reliance on such commitment in passing sentence.

The defendant's final contention is that the consecutive sentence of

five to ten years for aggravated battery should be reduced in accordance with the sentencing provisions of the Illinois Unified Code of Corrections, effective Januay 1, 1973.

■■ We agree with the defendant's contention. Under the classification of offenses under the Unified Code of Corrections, aggravated battery is a Class 3 felony. (Ill. Rev. Stat. 1973, ch. 38, § 12—4(d).) Section 5—8—1(c)(4) of the Code provides that the minimum sentence for a Class 3 felony "shall not be greater than one-third of the maximum term set in that case by the court." (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1 (c)(4).) Section 8—2—4 of the Code further provides as follows:

> "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." Ill. Rev. Stat. 1973, ch. 38, § 1008—2—4.

In the case at bar, no final adjudication has been reached. (*People v. Bailey* (1971), 1 Ill.App.3d 161.) It is appropriate, therefore, that the sentence for aggravated battery be modified in accordance with the provisions of the Illinois Unified Code of Corrections. Accordingly, the defendant's sentence for aggravated battery is modified with a maximum term of ten years and a minimum term of three years and four months.

■■ It is the opinion of this court that the ends of justice will best be served if the sentence for aggravated battery is made to run concurrently, rather than consecutively, with the sentence for rape. Section 5—8—4 of the Illinois Unified Code of Corrections provides:

> "(b) The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record."

The record in the instant case does not indicate that a consecutive sentence is required to protect the public from further criminal conduct by the defendant. Therefore, under Supreme Court Rule 615, this court modifies the sentence for aggravated battery to run concurrently with the sentence for rape.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed in part and modified in part.

ADESKO, P. J., and BURMAN, J., concur.
Affirmed in part and modified in part.