THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD TALACH (Impleaded), Defendant-Appellant.

(No. 58952; 

First District (1st Division)—April 15, 1974.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan and John M. Kalnins, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Richard Talach (defendant) pleaded guilty to armed robbery (Ill. Rev. Stat. 1969, ch. 38, par. 18—2). On February 4, 1971, he was admitted to probation for 5 years. On August 23, 1972, he was convicted of rape (Ill. Rev. Stat. 1971, ch. 38, par. 11—1) and burglary (Ill. Rev. Stat. 1971, ch. 38, par. 19—1) and was sentenced to a term of 20 to 40 years. Accordingly, on October 23, 1972, defendant's probation was revoked and he was sentenced to 10 to 20 years to run consecutively to the prior term of 20 to 40 years.

On defendant's appeal to this court, his brief initially urged only that the consecutive sentence imposed upon him should be reduced and also modified to run concurrently. The State urged that the sentence was not clearly disproportionate and should not be disturbed. We have carefully considered this matter and we have concluded that the minimum and maximum limits of the sentence imposed should not be disturbed by this court. (*People v. Eubank*, 46 Ill.2d 383, 394, 263 N.E.2d 869; *People v. Fox*, 48 Ill.2d 239, 251, 252, 269 N.E.2d 720.) However, at the request

of· this court, made during oral argument, both sides submitted statements concerning the effect of the Unified Code of Corrections upon the sentence.

As enlarged by this supplemental material, the additional contentions by defendant are that, under the Unified Code, imposition of the consecutive sentence was improper and defendant is entitled to credit upon the sentence for time spent on probation. The State responds that the Unified Code is not applicable here because its provisions are not less harsh than those existing at the time of commencement of the prosecution; even if the Code is applicable the consecutive sentence should not be modified; and, finally, the trial judge should have an opportunity to exercise his discretion regarding credit granted pursuant to the Code.

We will first consider applicability of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 and following). The State urges that when defendant was indicted and when he pleaded guilty to armed robbery, the crime was probationable (Ill. Rev. Stat. 1969, ch. 38, par. 117—1) and the minimum penitentiary sentence was 2 years (Ill. Rev. Stat. 1969, ch. 38, par. 18—2(b)). When the sentence here appealed from was imposed, armed robbery was not probationable and the minimum penitentiary sentence was 5 years. Under the Unified Code, the crime was not probationable and the statutory minimum term was 4 years but could be higher with due regard to the nature and circumstances of the offense· and the history and character of·the defendant. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(2).

The State contends that, by the specific terms of the Unified Code, it is not applicable except in situations where the sentence imposed under the Act would be "less than under the prior law upon which the prosecution was commenced." (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4). In this regard, the State cites *People v. Killebrew*, 55 Ill.2d 337, 303 N.E.2d 377. This case stands for the proposition that the Unified Code applies for sentencing, as specified therein, only when the sentence thereunder is less harsh than that provided under the prior law upon which the prosecution was commenced. (See also *People v. Lilly* (Gen. No. 45788, filed March, 1974), 56 Ill.2d 493, 309 N.E.2d 1.) Under these authorities, the Unified Code is not applicable to the minimum term actually imposed. Furthermore, quite aside from application of the Unified Code to the minimum and maximum aspect of the sentence, this record fails to convince us that we should modify the periods of imprisonment designated in the sentence as imposed. We will not modify the minimum or maximum of the sentence imposed.

Defendant also contends, however, that other sentencing provisions

of the Unified Code, pertaining to imposition and extent of consecutive sentences and also to possible credit for time spent on probation, are ameliorative and less harsh than former law and are, therefore, applicable here. We are in accord with this contention and consequently we believe that the Unified Code should be applied as regards these matters upon the general principle that the sentence appealed from has not yet been finally adjudicated. *People v. Chupich*, 53 Ill.2d 572, 584, 295 N.E. 2d 1, and *People v. Harvey*, 53 Ill.2d 585, 589, 590, 294 N.E.2d 269.

After careful consideration of the effect of the Unified Code upon imposition and extent of consecutive sentences (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b) and (c)) and its effect upon credit by reason of time spent on probation (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4 (h)) we have concluded that the judgment for revocation of probation should be affirmed but that the cause should be remanded for additional consideration and decision on these points by the scholarly and able trial judge.

As regards the consecutive sentence, the Unified Code provides for such punishment only in cases where the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, is of the opinion that a consecutive term is required to protect the public from further criminal conduct by the defendant. The basis for this opinion may be set forth by the court in imposing the sentence. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b).) The trial court is far better equipped than this court to make such a determination. Furthermore, under the Code, determination as to whether a consecutive term is required should be the subject of an initial decision by the trial judge. In this regard, we have carefully considered the recent opinion of this court in *People v. Reno* (1974), 17 Ill.App.3d 348, 308 N.E.2d 3. *Reno* held that a consecutive sentence should be made to run concurrently so "that the ends of justice will better be served." From the information before us, we cannot say whether or not the "ends of justice" require a consecutive sentence in the case at bar. Also, if a consecutive sentence is to be imposed, the trial court should consider and apply section 5—8—4(c) of the Code. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8 —4(c).

As regards credit for time served on probation, essential factual matters will undoubtedly receive attention by the trial court. See *People v. Burton*, 14 Ill.App.3d 1096, 303 N.E.2d 16, which provides that such credit is to be computed from the date that defendant was placed on probation to the date that a bench warrant issued for his arrest. In addition, it will be necessary to make a computation "to determine the

quantum of time. spent on probation." *People v. Johnson*, 13 Ill.App.3d 1020, 1026, 304 N.E.2d 681.

The judgment for revocation of probation is accordingly affirmed and the cause is remanded for resentencing of the defendant in accordance with the views above expressed.

Judgment affirmed and cause remanded for resentencing.

BURKE and HALLETT, JJ., concur.