ing matters be considered by the trial court after a hearing of all the evidence:

1. Was there probable cause or reasonable grounds for the revenue agents to arrest defendant? *People v. Clay*, 55 Ill.2d 501, 504, 304 N.E. 2d 280, and cases therein cited.

2. Was the personal property in question in plain view so that there was actually no search by the officer? *People v. Bombacino*, 51 Ill.2d 17, 22, 280 N.E.2d 697, *cert. denied*, 409 U. S. 912.

3. Should the conduct of the agents be considered in the light of the accepted differences between search of a dwelling and of an automobile? *People v. Gant*, 14 Ill.App.3d 282, 302 N.E.2d 376, and cases therein cited.

4. Did defendant give proper and sufficient consent to examination of his automobile? *People v. Brooks*, 51 Ill.2d 156, 167, 281 N.E.2d 326. Also *Schneckloth v. Bustamonte*, 412 U. S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041.

The order appealed from is accordingly reversed and the cause remanded with directions for the taking of further proceedings not inconsistent with the above opinion.

Reversed and remanded.

EGAN, P. J., and BURKE, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARLTON HENDERSON, Defendant-Appellant.

(No. 59344;

First District (4th Division)—June 12, 1974.

Opinion by Mr. JUSTICE BURMAN.

Paul Bradley and Allen Wiederer, both of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE MURRELL, Defendant-Appellant.

(No. 59036;

First District (4th Division)—June 12, 1974.