THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY LEE TAYLOR, Defendant-Appellant.

(No. 59668;

First District (5th Division)—July 12, 1974.

Paul Bradley and Margaret Maxwell, both of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and James B. Haddad, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant entered pleas of guilty to charges of armed robbery and aggravated battery arising out of the stabbing and robbery of Emanuel

Dean on February 13, 1971, in violation of sections 18—2, 12—4 and 12—4(b—1) of the Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, pars. 18—2, 12—4, and 12—4(b—1).) On December 7, 1971, he was sentenced to probation for 5 years with the first 4 months to be served in the Cook County jail. The first 4 months were "considered served." He was also ordered to pay in two equal monthly installments the sum of $101 as restitution. On April 27, 1972, the Probation Department applied for a warrant for violation of probation and the warrant was issued. On September 27, 1972, following a hearing on a rule to show cause why probation should not be revoked, the court revoked defendant's probation and sentenced him to a term of 2 to 4 years. The Unified Code of Corrections not then being in effect, the trial court did not credit defendant for the time he had spent on probation.

■■ On appeal from revocation of his probation, defendant contends only that he is entitled to credit for the time he served on probation pursuant to section 5—6—4(h) of the Unified Code of Corrections. Defendant was *not* sentenced, either originally or upon revocation of his probation, under the Unified Code of Corrections. Therefore, he is not entitled to benefit from the probation credit provisions of the Code unless the Code applies to his case. Section 8—2—4 of the Code governs the application of the Code to prosecution begun prior to its effective date. It provides that:

> "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted has not reached the sentencing stage or *a final adjudication,* then for purposes of sentencing the sentences under this Act apply *if they are less than under the prior law upon which the prosecution was commenced."* (Emphasis added.) Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4.

Defendant argues that the Code is applicable because the case has not been finally adjudicated. The State argues that the Code is not applicable because the sentence for armed robbery under the Code is not less harsh than under the prior law. The State points out that at the time of the offense armed robbery had a 2-year minimum sentence and probation was permitted but no provision was made for probation credit; and that under the Code armed robbery has a 4-year minimum sentence and probation is not permitted but admits that if probation were permitted a credit would be allowed. *People v. Henderson,* 20 Ill.App.3d 788, 314 N.E.2d 503, *People v. Talach,* 19 Ill.App.3d 189, 311 N.E.2d 319, and *People v. Chalmers,* 14 Ill.App.3d 993, 303 N.E.2d 781, indicate that the Code applies in the instant case and that defendant is entitled to credit for the time he spent on probation.

■■ The State, however, calls our attention to the fact that the probation-credit section of the Code, section 5—6—4(h), has been amended. This section, as originally enacted, provided that:

> "Resentencing after revocation of probation or of conditional discharge shall be under Article 4. Time served on probation or conditional discharge shall be credited against a sentence of imprisonment or periodic imprisonment." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(h).

The second sentence of the section as amended now provides:

> "Time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).

According to this court in *People v. Braddock*, 17 Ill.App.3d 73, 308 N.E.2d 74, this amendment is not effective until July 1, 1974. Moreover, even if it were effective, this amendment could not be applied here because such application would violate the constitutional prohibition against *ex post facto* laws. *People v. DuPree*, 16 Ill.App.3d 769, 306 N.E.2d 693; *People v. Johnson*, 133 Ill.App.2d 818, 263 N.E.2d 901; *People v. Wyckoff*, 106 Ill.App.2d 360, 245 N.E.2d 316.

■■ The amount of credit to which defendant is entitled, in accordance with section 5—6—4(h) as originally enacted, is measured "from the date he was placed on probation to the date that a bench warrant issued for his arrest." (*People v. Burton*, 14 Ill.App.3d 1096, 1097, 303 N.E.2d 16.) Accordingly, the cause is remanded to the trial court with directions to issue an amended *mittimus* reflecting credit for the time actually served on probation.

Remanded with directions.

SULLIVAN, P. J., and BARRETT, J., concur.