THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT L. SMITH, Defendant-Appellant.

Fourth District   No. 12705

Opinion filed October 14, 1976.

Robert I. Auler and Robert W. Dodd, both of Auler Law Offices, and Barry Sakol, law student, all of Urbana, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Kai A. Wallis, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:
Defendant appeals his convictions after negotiated pleas upon two charges of delivery of cocaine in amounts less than 30 grams and the

concurrent sentences of 1½ to 5 years. At the time of oral argument defendant was eligible and was shortly released on parole.

The sole issues argued upon appeal are that the trial court abused its discretion in denying defendant's petition for probation and in refusing to impose a sentence of periodic imprisonment.

The plea negotiations were directed to an indictment charging delivery of cocaine in three counts and conspiracy to deliver cocaine in one count. Each count averred an amount less than 30 grams. Under the pleas negotiated, one count of delivery and the count alleging conspiracy were dismissed. The State's Attorney was to recommend concurrent sentences of 2 to 6 years, but it was agreed that defendant might seek probation and present evidence in support thereof.

The factual basis of the pleas show a delivery of 1.8 grams of cocaine for a price of $110, and a delivery of 13.5 grams for a price of $500. In each instance the sale was consummated by taking the purchaser to another location to procure the drug and receive the payment. The counts dismissed related to acts occurring about a month following the larger sale. The offenses occurred in February and March, 1973. After defendant's plea of not guilty he procured release on bond in April. The plea was negotiated in February, 1974, and sentence was imposed in April, 1974. The record shows continuances procured by defendant for various reasons asserted.

Defendant argues that the record shows his complete rehabilitation during the period of approximately one year between indictment and the plea. It appears that while defendant was free on bond he was employed in the office of his father, that he had terminated his prior association in the drug culture and was described as being diligent and conscientious in his employment. Several witnesses testified in such context in support of the grant of probation and others supplied letters to this effect.

The Controlled Substance Act, section 100 (Ill. Rev. Stat. 1973, ch. 56½, par. 1100) states the legislative intent to recognize the rising incidence in the abuse of drugs and the resultant damage of the peace, health and welfare of the citizens, and to provide a system of control which will more effectively:

> "(2) deter the unlawful and destructive abuse of controlled substances; (3) penalize most heavily the illicit traffickers or profiteers of controlled substances, who propagate and perpetuate the abuse of such substances with reckless disregard for its consumptive consequences upon every element of society;
> * * * ."

Section 401(b) of the Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1401(b)), makes the delivery of cocaine in an amount less than 30 grams a Class 2 felony with a possible fine not to exceed $25,000.

The Unified Code of Corrections, section 5—6—1 (Ill. Rev. Stat. 1973,

ch. 38, par. 1005—6—1(a)), provides that the court shall impose a sentence of imprisonment upon a defendant where the court is of the opinion that:

"* * * (1) his imprisonment is necessary for the protection of the public; *or*

(2) the offender is in need of correctional treatment that can most effectively be provided by a sentence to imprisonment; *or*

(3) probation or conditional discharge would deprecate seriousness of the offender's conduct and would be inconsistent with the ends of justice. * * *." (Emphasis supplied.)

We note that the ABA Standards Relating to Probation §1.3(a) (Approved Draft 1970) incorporates language of the same context and tenor, but that the Illinois Legislature has added to the third consideration concerning the seriousness of the offense the phrase "and would be inconsistent with the ends of justice."

■■ In both the ABA Standards and the statute, factors authorizing imprisonment are stated in the disjunctive. It is reasonable to conclude that by such language there is a legislative intent that the existence of any one factor will authorize imprisonment.

■■ The record is clear that the trial court denied probation because of the serious nature of selling of the cocaine for substantial sums of money in disregard of the effect on others. He noted that these were not casual sales but indicated participation in a system providing procurement and the delivery of cocaine. The court expressed particular concern with the difficulty in breaking the clandestine pattern of selling the dangerous drugs and noted that defendant's claimed decision to leave the drug culture had no outward manifestations until after his arrest.

■■ The record shows that the trial court heard all of the evidence offered by defendant and extensive argument by counsel. There is no basis in the record for saying that the trial court denied probation without any consideration of the facts in evidence. (*People v. Donovan* (1941), 376 Ill. 602, 35 N.E.2d 54.) The issue of the denial of probation is subject to review only to the extent of ascertaining whether the trial court did, in fact, exercise discretion or whether it acted in an arbitrary manner. *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 556, 301 N.E.2d 300, 302.

In *Moran*, it was contended that probation was the only means of restoring the defendant to useful citizenship, and that the Constitution of 1970 required the granting of probation through its provision that:

"All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

The court concluded that the objective of restoration to useful citizenship

required no greater weight than the provision regarding the seriousness of the offense.

In *People v. Meyer* (1975), 30 Ill. App. 3d 673, 332 N.E.2d 606, defendant was convicted of involuntary manslaughter upon a plea of guilty. The trial court found that defendant was not a danger to society and that there was no need of rehabilitation, but that the seriousness of the offense required imprisonment. The reviewing court concluded from the record that such determination was not an abuse of discretion. Again, in *People v. Metts*, 30 Ill. App. 3d 868, 334 N.E.2d 277, defendant was convicted of voluntary manslaughter. Although the trial court found that the defendant was not in need of rehabilitation and was otherwise eligible for probation, the reviewing court affirmed the determination that the seriousness of the offense required a sentence of imprisonment. See also *People v. Pettis* (1974), 23 Ill. App. 3d 623, 320 N.E.2d 194.

■■ As stated in *People v. Ohley* (1973), 15 Ill. App. 3d 125, 303 N.E.2d 761, *cert. denied*, 417 U.S. 962, 41 L. Ed. 2d 1135, 94 S. Ct. 3163, the legislature deems the offense of delivery or sale of narcotic drugs most damaging to the peace and welfare of the citizens of this State, and one which merits severe penalty. The sentence imposed is within the statutory limits and, in fact, is somewhat less than that to be recommended in the plea agreement, and there is no showing that such sentence was arbitrary or discriminatory.

The judgment is affirmed.

Affirmed.

CRAVEN and GREEN, JJ., concur.