THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES HENRY, Defendant-Appellant.
Third District   No. 76-362

Opinion filed April 21, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

After bench trial James Henry, the defendant, was found guilty by the Circuit Court of Kankakee County of the offense of armed robbery. After a sentencing hearing he was sentenced to a term of imprisonment in the penitentiary of not less than six nor more than 18 years and said sentence was to be served consecutively to a term of imprisonment of not less than five years nor more than seven years and an additional term of not less than four years nor more than six years for two crimes of armed robbery which he committed in Du Page County.

The sole issue presented in this appeal is whether the trial court properly imposed a sentence of six to 18 years to be served consecutively with sentences imposed upon the defendant for two prior and unrelated armed robbery convictions which occurred in another county.

That the defendant has committed three armed robberies, two in Du Page County and one in Kankakee County, is not questioned. What is questioned, however, is whether the sentence imposed by the trial court of Kankakee County is necessary in order to adequately protect the public.

Our Unified Code of Corrections, to-wit, section 5—8—4(b) (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b)), provides:

"(b) The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record."

In reviewing the record we note that the defendant at the time he was sentenced in Kankakee County was 18 years old and even though previously convicted in Du Page County for two offenses of armed

robbery had not served any time in prison. The defendant has no record of any drug related convictions, yet it is apparent that the trial judge was quite alarmed and concerned about a conversation that the defendant had with a probation officer during his presentence interview. The defendant related to the probation officer that he started using drugs in the fifth grade and rapidly graduated to a $200 to $225-per-day heroin habit. The defendant further stated that he encountered no difficulty in obtaining drugs since he became a "pusher" and sold $30,000 worth of drugs each month, but in lieu of money for his sales as consideration he elected instead to receive a steady supply of drugs for his own use. When asked where the drugs came from the defendant described a detailed route beginning in Turkey, then to Marseilles, France, and eventually they were smuggled into Florida. The defendant related that one shipment had a value of between eight and nine million dollars.

Counsel for defendant in this appeal described the defendant's story about his involvement in the drug traffic as being "fanciful." We can only speculate as to whether the defendant's statements concerning his drug involvement were fanciful or truthful; however, there is no question but what the trial court was influenced by the defendant's drug involvement statements when sentence was imposed. At the time of sentencing the trial court made the following observation:

"Mr. Henry, I don't know what happened to you during your lifetime or why these things happened to you, how you got away with starting smoking marijuana when you were in the fifth grade and using drugs in the fifth grade. I will never know. It is a wonder somebody didn't get killed, you run around *waiving* [sic] a gun and having a $200 a day plus habit, I wonder how many lives you wrecked when you sold drugs of $30,000 a month of heroin. Didn't you know that that was wrong?

* * *

Well, Mr. Henry, I am not going to follow either one of the recommendations in this case, ten to thirty by the State and five to ten by your attorney. There is an indication in this report, indicated that perhaps you wanted to do something about some of your past problems through the FBI. I will tell you now the sentence I give you I maybe [sic] willing to write a letter favorable to you for the Governor if it established to my satisfaction that you in fact did accomplish something for the FBI of some magnitude because the Governor does have the power to commute the sentences and cut them down.

* * *

I am not kidding you, Mr. Henry, about the fact that I would be willing to suggest a change in sentence by the Governor if

something comes up. Only you can affect that."

■■ We quarrel not with the concern of the trial court as to the defendant's statements concerning his involvement in the use and sale of drugs, however, a consecutive sentence should be imposed only if in the opinion of the court such a sentence is required to protect the public from further criminal conduct by a defendant. (See Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b).) The record in the instant case is barren of any such finding by the trial court. We are cognizant of the fact that it is discretionary with the trial court as to whether such a finding need be set forth in the record before a consecutive sentence can be imposed; however, in the instant case since the trial court concerned itself far more with the defendant's story of drug involvement rather than with the crimes of armed robbery we are of the opinion that this case should be remanded for a precise determination of whether a consecutive sentence is necessary for the protection of the public. From the information before us we cannot say whether or not the "ends of justice" do or do not require a consecutive sentence in the case at bar. See *People v. Talach* (1974), 19 Ill. App. 3d 189, 311 N.E.2d 319.

■■ For the reasons set forth the judgment of the conviction of the defendant is affirmed and the cause is remanded for a resentencing of the defendant in accordance with the views we have expressed.

Judgment affirmed and cause remanded for resentencing.

STENGEL, P. J., and ALLOY, J., concur.