THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANNY GOSSAGE, Defendant-Appellant.

Third District    No. 78-439

Opinion filed January 7, 1980.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

John Clerkin, State's Attorney, of Macomb (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

In this appeal, the defendant, Danny Gossage, challenges as excessive the two concurrent 10-year terms of imprisonment imposed for the offenses of rape and aggravated battery, after a jury found him guilty of those offenses as well as unlawful restraint. The evidence presented at

trial by the prosecution tended to establish that Julie LaShorne, then a 20-year-old student at Western Illinois University, was walking back to her dormitory from a party at approximately 2 a.m. on April 9, 1978. She was alone at the time. A pickup truck pulled up on the street, and two males disembarked from the truck. One of them grabbed the complainant's legs and the other grabbed the top of her body. In that fashion, she was carried, screaming, into the pickup truck. After a struggle in which the victim was hit in the face, lost a contact lens, had her hair pulled and her mouth covered, the complainant was driven out into the country. During the ride she was kept hidden from all other traffic. Of the four men in the truck, one told the complainant to stop struggling because "the last one wasn't too lucky." She was also threatened with having her legs broken. While riding in the truck, Randy Gossage began taking Ms. LaShorne's clothes off. After the truck was stopped on the shoulder of a country road, Randy Gossage carried the complainant out of the truck and over a barbed wire fence into a swampy area, and there had sexual intercourse with Ms. LaShorne. Afterward, he carried the complainant back to the pickup truck, where Danny Gossage told the complainant to get into the cab of the truck. The defendant then had intercourse with Ms. LaShorne.

As the defendant was having intercourse with the complainant, Deputy Sheriff Michael R. Carson drove up behind the pickup truck, got out of his car and approached the truck with a flashlight. Ms. LaShorne managed to get the door open and slipped out of the truck onto the road. She asked Carson for help. She informed the officer that she had been raped twice and she was afraid. She said she was willing to sign a statement. As a result of the incident, the victim also suffered bruises and scratches on her legs, buttocks and throat. The complainant testified at trial that she did not consent to have intercourse with either Randy or Danny Gossage but she did not resist having sexual intercourse because she was threatened. According to the testimony of both Danny and Randy Gossage, Julie LaShorne willingly entered the pickup truck and later voluntarily engaged in sexual intercourse with each of them.

As was related earlier, the defendant was ultimately found guilty. At the subsequent sentencing hearing, it was noted that the defendant had no prior criminal record, other than traffic offenses which the trial court indicated would not be considered in sentencing the defendant. It is argued by the defendant that the trial court, however, failed to consider other mitigating factors. According to the defendant, the criminal conduct was a result of circumstances not likely to recur; the defendant's character and attitude indicate he is unlikely to commit another crime; and imprisonment would entail excessive hardship to the defendant's wife and child. See Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1(a)(8), (9), (11).

■■ Nevertheless, in an appeal challenging the propriety of a sentence, there is a rebuttable presumption that the sentence imposed was proper (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—4.1). This means that the sentence should not be reduced unless the appealing party affirmatively demonstrates that the ruling was improper. *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.

Here, the defendant makes an argument, but no affirmative showing from the record, that the trial court did not consider these factors. In fact, the trial judge stated he considered the facts of the case, the presentence report and the arguments of counsel. Furthermore, the defendant admits that the offenses committed were serious, that a sentence of imprisonment was necessary to deter others from committing the same crime and that serious harm was threatened during the commission of the offenses. These are aggravating factors which the trial court could well have considered. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(a)(1), (7).) However, the defendant seems to minimize the actual physical harm that did occur to the victim, as well as the probable psychological harm resulting from this type of crime, regardless of the age of the victim. See *People v. Matthews* (1979), 69 Ill. App. 3d 65, 387 N.E.2d 10.

■■ In his reply brief, the defendant has attempted to have the court consider the defendant's institutional record since sentencing. This has prompted the State to file a motion to strike that portion of the defendant's reply brief. As a general rule, references to matters outside the record will not be considered by a reviewing court. (*People v. La Rocco* (1970), 123 Ill. App. 2d 123, 260 N.E.2d 52.) Although a reviewing court may, on occasion, take judicial notice of the fact that a defendant has been paroled (*People v. Dupree* (1974), 16 Ill. App. 3d 769, 306 N.E.2d 693; *People v. Bryan* (1972), 5 Ill. App. 3d 1006, 284 N.E.2d 706), that is not the fact sought to have considered here by the court.

■■ The sole "evidence" of the defendant's institutional record is a letter from his warden appended to the reply brief. The Illinois Supreme Court has found that a copy of a judgment appended to a brief was not properly before the court. (*People v. Gipson* (1963), 29 Ill. 2d 336, 194 N.E.2d 318.) Therefore, the motion of the State to strike that portion of the defendant's reply brief which refers to his institutional record at the Department of Corrections, objections of the defendant noted, is allowed.

■■ For the reasons referred to in the opinion of this court, the judgment of the Circuit Court of McDonough County is affirmed.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.