People of the State of Illinois, Plaintiff-Appellee, v. John Lawson, Defendant-Appellant.

Gen. No. 53,779.

First District, Third Division.

October 1, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel), for plaintiff-appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, John Lawson, was indicted on a charge of burglary. After having waived a trial by jury, he was found guilty and sentenced to a term of two to five years in the penitentiary. In this appeal, he argues that

the trial court committed reversible error in the admission of hearsay evidence.

Donald Grys, a security officer employed by American District Telegraph Company, testified that on August 16, 1968, at about 3:00 a. m., he was sent to the B-C Distributing Company, 2210 South Michigan Avenue, Chicago. When he entered the building he heard unusual noises, walked over to a counter, peered behind it and saw two men lying on the floor. He drew his gun and ordered the men to come out. Grys described the lighting as "very good" and said that he saw the faces and clothes of the men as he marched them toward the front door. He noticed that Lawson was attired in a lavender short-sleeve shirt and dark blue pants and was wearing an earring in his left ear. As Grys stopped to telephone, the burglars attempted to flee. He ordered them to stop; Lawson did, but the other man kept going. Grys took Lawson outside and entered the squad car to call for assistance; as he did so, Lawson fled. Grys pursued Lawson down the alley, but was unsuccessful in catching him. Approximately two minutes later, a policeman returned Lawson to the scene and Grys identified him as the man he had seen in the building and subsequently chased.

Further investigation showed that entry into the building had been forced. The cash register and a bag of jewelry and watches had been placed on the floor behind the counter where Grys first saw the two men.

Officer Paul Caley of the Chicago Police Department testified that he encountered the defendant about three blocks from the scene of the burglary. He stated that Lawson was "huffing and puffing," was dressed in a lavender shirt and dark pants, and had a yellow metal earring in his left ear. He returned Lawson to the South Michigan address, where Grys identified him.

Lawson testified that he had been out drinking on the night of August 16th; that he boarded a bus about 2:30 a. m., fell asleep, and got off the bus at about 18th or 19th and State. When he entered a nearby alley to urinate, the police officers arrested him. He denied having committed the burglary.

In his testimony Officer Caley said that the defendant answered the description given over the police radio of one of the men sought in the burglary:

"I heard a broadcast of two men who were wanted for a burglary at the B-C Distributing Company, 2210 South Michigan. This was placed over our police radio.

". . .

"I proceeded toward the immediate area, and at Cullerton and Wabash, one of the offenders who answered the description of the brief broadcast, I observed him at 22nd—or make it Cullerton and Wabash."

The defendant's counsel objected to this testimony as being hearsay and asked that it be stricken. The trial court overruled the objection.

■■ The objection should have been sustained. The officer's testimony was hearsay and was improperly corroborative of Grys' testimony identifying the defendant as the perpetrator of the crime. People v. Turner, 91 Ill App2d 436, 235 NE2d 317 (1968). The error was harmless, however, since other competent testimony established Lawson's guilt beyond a reasonable doubt. Grys had ample time to view Lawson under excellent lighting conditions; he described his attire and noted the earring. The defendant, short of breath, was arrested minutes later only a few blocks from the scene of the burglary. When Lawson was brought back to the scene, Grys positively identified him as the person whom he had viewed inside the building and who subsequently eluded him. The evidence clearly established the defendant's guilt. The judgment is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.