THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD DAVIS, Defendant-Appellant.

First District (4th Division) No. 61811

Opinion filed March 10, 1976.

James J. Doherty, Public Defender, of Chicago (Harold A. Cowen and David W. Hirschboeck, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Ronald Davis, the defendant, appeals his conviction of violation of felony probation and subsequent sentence of 6 to 18 years in the State penitentiary.

The defendant raises the following issues: (1) whether the evidence adduced at the hearing was sufficient to establish defendant violated probation and (2) whether the sentence imposed was proper.

On July 30, 1970, defendant pled guilty to the crime of attempt armed

robbery and was sentenced to 5 years' probation, the first six months of which to be served in the County Jail. While on probation defendant was indicted for armed robbery. After his arrest and a hearing on a Rule to Show Cause, he was found guilty of violation of probation and sentenced to 6 to 18 years in the State penitentiary.

On May 29, 1974, at the hearing on the rule to show cause, David Morris and Kenneth Mitchell, the complainants, testified for the State as to the armed robbery.

The complainants first met the defendant on the day of the occurrence. The defendant called Mr. Mitchell on the telephone and they agreed to meet, along with Mr. Morris, to inspect and purchase some 13 color television sets which were in the possession of the defendant. The complainants were to put up $1,000 to buy the sets.

After meeting initially at Mitchell's place of business, the three men drove to a residential building at 79th and Evans, supposedly the apartment of defendant's brother, where the televisions were purportedly kept.

Morris was carrying a gun but the defendant directed that he leave it with Mitchell. Mitchell also had a gun but the defendant was unaware of it.

All three men proceeded up a fire escape behind the building. Mitchell was told to wait on the second floor landing for defendant's brother, who was to arrive in a panel truck. The other two men proceeded to the third floor. While out of the view of Mitchell the defendant robbed Morris at gunpoint and ordered him to call Mitchell up to the third floor. The defendant then robbed Mitchell and told the complainants to run. In total, defendant forced the complainants to relinquish more than $1,100 plus a few items of jewelry and a gun.

The complainants reported the robbery immediately to the police but omitted their reason for being in the neighborhood.

On cross-examination Morris admitted that in reporting the incident, he and Mitchell told the police that defendant had approached them on the street and robbed them at gunpoint.

The defendant testified on his own behalf and denied robbing the two complainants.

The trial judge found defendant was guilty of violating his probation.

After discussion with his counsel, the defendant elected to be sentenced under the Unified Code of Corrections. The judge subsequently sentenced defendant to 6 to 18 years in the State penitentiary.

Defendant argues the evidence was insufficient to support a finding of violation of probation.

It is generally accepted in Illinois, the standard of proof necessary for probation violation is a preponderance of the evidence. Furthermore,

in the review of a probation revocation, as in a review of a conviction, the assessment of the credibility of witnesses is a matter within the proper discretion of the trial court judge. See *People v. Crowell* (1973), 53 Ill. 2d 447.

■■ We find the trial court's determination of defendant's violation of probation was correct. The People did meet their burden of proving a violation of probation by a preponderance of evidence. The contradictions pointed out by defense counsel do not render the incriminating evidence improbable. Accordingly, the revocation of defendant's probation is hereby affirmed.

Defendant further claims two separate errors in sentencing by the trial judge: (1) the impropriety of the 6 to 18 year sentence, and (2) the failure to give defendant credit for time spent on probation.

Defendant claims error in setting the maximum limit of the indeterminate sentence at 18 years since the maximum sentence under the statute in effect at the time of the offense was 14 years.

Section 8—2—4 of the Illinois Unified Code of Corrections makes it clear a defendant who is convicted of a crime occurring while the prior law was in effect, but is sentenced after the effective date of the Unified Code, may benefit from whichever law is more lenient.

> "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4.

The provisions under the prior law and under the Code, however, may define different kinds of sentences, such that if the Code has a higher potential maximum term, a defendant may consider an indeterminate sentence more advantageous than a determinate one.

The sentencing provision of the Unified Code provides, as to attempt armed robbery, the maximum term of the sentence is limited to 20 years or less, and the minimum term must not be greater than one-third of the maximum term set in that case by the court. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).) The sentencing provisions under the prior law do not require this one-third spread in sentencing and limits the maximum term to 14 years.

■■ A defendant must be given an opportunity to elect whether he wishes to be sentenced under the law in effect at the time the offense was committed or under the law in effect at the time of sentencing. See *People v. Hollins* (1972), 51 Ill. 2d 68.

■■ Defendant's attorney stated he had a thorough discussion with the defendant and the defendant elected to be sentenced under the Unified Code of Corrections, which limits the maximum sentence for the offense at 20 years. Accordingly, the defendant's sentence of 6 to 18 years in the State penitentiary will remain as entered.

Defendant argues, lastly, he should have been given credit for time spent on probation. With this, the People have agreed.

The resentencing portion of the Revocation of Probation section in the Unified Code provides, when resentencing for a probation violation, time served on probation shall be credited by the court against a sentence of imprisonment unless the court orders otherwise. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(h).) This resentencing section also provides the issuance of an arrest warrant for the probationer tolls the running of the probation period, and the term of probation shall not run so long as the offender has not answered the warrant.

The "Sentencing Hearing" section of the Unified Code provides the clerk of the court shall transmit to the Department of Corrections the number of days the defendant has been in custody and for which he is entitled to credit. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—4—1(d)(3).) There is, however, no similar provision for stating to the Department the amount of time spent on probation to enable the administrative application of the sentence credit as provided in the resentencing section of the Unified Code. It is therefore necessary for the trial court to determine the quantum of time spent on probation when imposing sentence.

Since the trial court failed to determine the time defendant spent on probation when imposing sentence, this cause must be remanded for resentencing.

■■ Upon resentencing the defendant is entitled to credit on his sentence for the time he was on probation, computed from the date he was placed on probation until the date that a bench warrant was issued for his arrest. Although it is not shown to be material by the record, the defendant must also be given credit for that period of time he was in the county jail awaiting hearing on the petition to revoke probation.

It appears from the record the defendant began his period of probation on July 31, 1970, and the original warrant for his arrest on violation of that probation was issued on December 16, 1971. For such a period of time the defendant should have been given credit.

The record is void as to when the arrest warrant was served and as to whether the defendant had spent any time in jail awaiting hearing on the petition to revoke probation. A determination of this question must be made during resentencing.

The judgment for revocation of probation is accordingly affirmed and the cause is remanded for resentencing of the defendant in accordance with the views above expressed.

Judgment affirmed and cause remanded for resentencing.

JOHNSON, P. J., and ADESKO, J., concur.