THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES W. ESTES, Defendant-Appellant.

Fourth District   No. 13243

Opinion filed April 29, 1976.

Michael J. Costello and J. H. Weiner, both of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant appeals from a conviction, by a jury, of armed robbery and from the sentence imposed of four to seven years. On appeal he raises these issues: (1) Whether the in-court identification of defendant deprived him of due process; (2) Whether the trial court erred in denying a new trial based upon newly discovered evidence; (3) Whether defendant was proven guilty beyond a reasonable doubt; (4) Whether the jury was properly instructed; (5) Whether the statute denying probation for armed robbery is violative of equal protection; (6) Whether certain evidence was improperly admitted.

Keith Ayre was employed at a Martin Oil station in Springfield, Illinois. He was working a shift starting 10 p.m., on December 6, 1974. A friend, Robert Hoehn, was keeping him company. Ayre and Hoehn testified as follows: At approximately 2 a.m., on December 7, defendant drove into the station in a 1970 green Cougar. Hoehn waited on him as Ayre was on the telephone. Defendant asked for a package of Kools. Upon Hoehn's return, defendant asked for all his money or, as Hoehn testified, "he was going to blow my guts out." Hoehn observed a gun pointed at his stomach propped up by the window of defendant's car. Hoehn went to get Ayre. Ayre approached the car and Hoehn left to wait on a truck. He informed the truck driver that the station was being robbed. The driver expressed disbelief and left.

Defendant told Ayre he had a gun pointed at him, that Ayre was to lean inside and drop the money in the car, not to cause any trouble or defendant would "blow his guts out." Ayre saw the gun and did as defendant requested. Defendant left and Ayre called the police with a description of the defendant, the car and the car's license plate number. Defendant was arrested within 15 minutes as he pulled into the driveway of the address at which defendant lived with Mary Fromm, to whom the car was registered. Defendant was returned immediately to the gas station where he was identified by Ayre and Hoehn. At the time of his arrest, a roll of money was found on defendant. Ayre testified that this roll was arranged in the same manner as he arranged his money, with the one dollar bills face down, on top, next the tens face up and, on the bottom the fives face up, all wrapped in a roll with a rubber band.

Mary Fromm testified that defendant picked her up at 1:15 a.m., December 7, 1974, as she got off work. They stopped at the Martin Oil station to get gas, then went home. At the station, she handed defendant her tip money which was $50 to $60 wrapped with a rubber band. At 2 a.m., Fromm asked defendant to go out and get some cigarettes.

Defendant testified that he left at about 2 a.m., to get some cigarettes. He went to the White Hen Pantry. He described the clerk who waited on him. As he got home, he was arrested. Defendant stated that the shotgun found in his car at that time was there because he had intended to show it to someone at a party that evening. However, after picking up Fromm, they decided not to go to the party.

■■ Defendant contends that the showup at the gas station shortly after his arrest was constitutionally deficient. We first note that this issue is being raised for the first time on appeal. No pretrial motion was made to suppress Ayre's and Hoehn's identification on the basis of the allegedly unconstitutional identification procedure. No objection was made at trial and the issue was not preserved in the post-trial motion. The objections to the showup identification were waived and cannot now be reviewed. (*People v. Studdard*, 51 Ill. 2d 190, 281 N.E.2d 678.) Even had they not been waived, the procedures used were not error. When an arrest is made within minutes of the offense, the procedure of confronting the suspect with the witnesses immediately after the arrest has been approved. *People v. Bey*, 51 Ill. 2d 262, 281 N.E.2d 638; *People v. Ellis*, 24 Ill. App. 3d 870, 321 N.E.2d 722.

Defendant cites *United States v. Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and *Gilbert v. California*, 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, for support that he was denied his right to counsel by the procedure used. However, the right to counsel applies only to post-indictment confrontations. *People v. Palmer*, 41 Ill. 2d 571, 244 N.E.2d 173; *Kirby v. Illinois*, 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877.

Secondly, defendant argues that a new trial should be granted on the basis of newly discovered evidence. In his post-trial motion, defendant presented the affidavit of Calvin Mills. In the affidavit, Mills stated that he saw and conversed with defendant at the White Hen Pantry at 2:10 a.m., December 7, 1974. The affidavit stated that Mills had been unaware that defendant had been accused of the crime in question until after the conviction.

Whether to grant a request for a new trial based on newly discovered evidence is within the sound discretion of the trial court and its decision will not be reversed except in cases of manifest abuse. *People v. Reese*, 54 Ill. 2d 51, 294 N.E.2d 288.

> Applications for a new trial on the ground of newly discovered evidence are not looked upon with favor by the courts, and in order to prevent, so far as possible, fraud and imposition which defeated parties may be tempted to practice, as a last resort, to escape the consequence of an adverse verdict, such application should always be subjected to the closest scrutiny by the court and the burden is upon the applicant to rebut the presumption that the

verdict is correct and to show there has been no lack of diligence. *People v. Holtzman*, 1 Ill. 2d 562, 569, 116 N.E.2d 338, 342.

■■ There are five factors to consider: the evidence must (1) appear to be of such a nature that it would change the result of the trial, (2) have been discovered since the trial, (3) be material and (4) not merely cumulative, and (5) be such that it could not have been discovered by due diligence. (*People v. Silvia*, 389 Ill. 346, 59 N.E.2d 821.) Defendant, in his brief, concedes that due diligence has not been shown. In addition we find the evidence offered was of such character that the trial court was within his discretion to determine that the other requirements had not been met, particularly that the evidence was not of such a conclusive character that it would probably change the result on retrial.

■■ Defendant's third argument is that he was not proven guilty beyond a reasonable doubt. He argues that the State did not prove that defendant was armed with a dangerous weapon, an element of armed robbery. (Ill. Rev. Stat. 1973, ch. 38, §18—2(a).) Both Ayre and Hoehn testified that there was a gun, that it was in defendant's lap and pointed out the window at them. In this situation, it matters not if defendant did not have his finger on the trigger when he could put it there within seconds. Certainly the sight of the weapon, combined with defendant's threat to use it, is such as to satisfy the statutory requirement that the taking be by the use of force or threatening the imminent use of force. *People v. Whitley*, 18 Ill. App. 3d 995, 311 N.E.2d 282.

■■ Defendant also argues that there was inconsistent testimony which raises a reasonable doubt. Both Ayre and Hoehn testified they did not remember any dents in the car defendant was driving. Fromm testified that the car was badly dented. However, her testimony does not state that the dents had occurred before the date of the offense.

■■ Defendant's fourth argument is that the jury was improperly instructed. His first objection is to the People's Instruction IPI 3.02, first paragraph, which is the circumstantial evidence instruction. Defendant argues that all the evidence was direct and it is reversible error to give a circumstantial evidence instruction when only direct evidence is presented. (*People v. Gardner*, 4 Ill. 2d 232, 122 N.E.2d 578.) Even had there been no circumstantial evidence, the giving such an instruction is not necessarily reversible error. (*People v. Scott*, 23 Ill. App. 3d 956, 320 N.E.2d 360.) However, some circumstantial evidence was introduced. Ayre testified that he gave defendant a roll of money wrapped in a specific way. Such a roll was found on defendant but he testified it came from Fromm. The money found is indirect proof of defendant's guilt and therefore circumstantial evidence.

Defendant contends that the trial court improperly refused to give the following tendered instruction.

> "It is a question of fact for the jury to decide whether a weapon used in the commission of an offense is a dangerous one; the jury should consider the description of the weapon, the manner of its use, and the circumstances of the case in so deciding."

■■ A shotgun or revolver is *per se* a deadly weapon. (*People v. Emerling*, 341 Ill. 424, 173 N.E. 474.) The weapon recovered from the car was a shotgun and Ayre testified that it was similar to the weapon used in the robbery. Under such circumstances the question of whether it is a dangerous one is a question of law for the court. (*People v. Dwyer*, 324 Ill. 363, 155 N.E. 316.) The court did not err by refusing the instruction.

■■ Defendant also complains of the court's refusal to give this following instruction:

> "The court instructs the jury that if there are two theories which may lawfully be drawn from the evidence, one pointing to guilty and the other to the absence of guilt, they should find the defendant not guilty."

Defendant argues that he is entitled to an instruction on his theory of the case. The court stated, and we agree, that such an instruction, which is, in substance, the last paragraph of IPI Criminal 3.02, is appropriate only when all the evidence is circumstantial. *People v. Brooks*, 7 Ill. App. 3d 767, 289 N.E.2d 207.

Defendant's fifth argument is that the statute denying probation for armed robbery is violative of defendant's right to equal protection of the laws. The statute states:

> "(d) When a defendant is convicted of a felony or misdemeanor, the court may sentence such defendant to:
>
> (1) a period of probation, a term of periodic imprisonment or conditional discharge except in cases of murder, rape, armed violence, armed robbery, * * *." Ill. Rev. Stat. 1973, ch. 38, §1005—5—3(d)(1).

Defendant argues that there is no rational basis upon which to distinguish armed robbery for which probation is denied, from the offense of voluntary manslaughter, for which probation is allowed.

■■ It is the duty of the legislature to classify offenses and provide penalties. If such classifications are not so disproportionate as to shock the conscience of reasonable men, the court cannot interfere with the legislative discretion. (*People v. Lanners*, 122 Ill. App. 2d 290, 258 N.E.2d 390.) Denial of probation for armed robbery, which offense involves the use of a dangerous weapon and is fraught with potential for serious bodily harm or death, is clearly reasonable. It is not an arbitrary decision to group armed robbery with other offenses which are harmful to society.

Defendant's final argument is that certain evidence was improperly admitted. The evidence was testimony by one of the police officers as to

information he received from the radio dispatcher. Defendant objected to the testimony on the basis that it was hearsay. It was admitted over his objection to show knowledge and course of action on the part of the testifying police officer. The defendant concedes that the objection was properly overruled because the testimony showing course of conduct is an exception to the hearsay rule. Defendant, however, without citation of authority, suggests that this exception to the hearsay rule be, once and for all, eliminated.

■■ We decline to decide this question since the testimony, whether properly admitted or not, was harmless. The evidence, including the identification by two eyewitnesses, the arrest of defendant within minutes of the offense in possession of the shotgun and money, established defendant's guilt beyond a reasonable doubt. *People v. Lawson*, 130 Ill. App. 2d 395, 264 N.E.2d 864.

Accordingly, for the reasons cited above, the judgment of the circuit court of Sangamon County is affirmed.

Judgment affirmed.

CRAVEN, P. J., and GREEN, J., concur.