THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN C. BUCKLEY, Defendant-Appellant.

Fourth District   No. 13371

Opinion filed August 5, 1976.

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendant was charged with two counts of aggravated battery, and one count of armed violence. At a jury trial, he was found not guilty of

aggravated battery and armed violence, but was found guilty of the lesser included offense of reckless conduct, and was sentenced to a 300-day term of imprisonment. Defendant appeals from his conviction.

Defendant raises but one issue for review. He contends that the trial court erred in instructing the jury that he had confessed to the crime.

The relevant facts necessary for the disposition of this case are as follows: the charges brought against defendant arose out of an altercation which occurred on October 16, 1974, on the Illinois State University campus located in Normal, Illinois. Defendant was attending a fraternity meeting on the campus, where he became involved in a fight with several others who were also at the meeting. Defendant went to the meeting to collect some money that the fraternity allegedly owed him for services rendered during homecoming. During the course of the altercation defendant pulled a gun, that he had concealed on his person, and shot another individual in the leg.

At trial, evidence established that defendant made the following statement to a university official:

"I am sorry, I didn't mean to do it. I shot down, I wasn't trying to hurt anybody. All I wanted to do was just get my money. They provoked me into doing it. They jumped on me. I am sorry, I didn't mean to do it."

During the jury instruction conference the People tendered instruction No. 6 (Illinois Pattern Jury Instructions, Criminal No. 3.07 (1968)):

"You have before you evidence that the defendant confessed that he committed the crime charged in the indictment. It is for you to determine whether the defendant confessed, and, if so, what weight should be given to the confession. In determining the weight to be given to a confession, you should consider all of the circumstances under which it was made."

The instruction was given over defendant's strenuous objections.

After the jury entered its verdicts, defendant filed a post-trial motion requesting a new trial, and a hearing was held on the motion. Defendant failed to include in his motion an allegation concerning the propriety of People's instruction No. 6, nor did defendant raise this issue during the hearing on his motion.

On appeal the State submits that defendant has waived the issue advanced herein by failing to include it in his post-trial motion. We agree.

■■ In order for error to be brought to the attention of a reviewing court it must be properly preserved, by making appropriate objections and including these objections in the post-trial motion (*People v. Estes* (1976), 37 Ill. App. 3d 889, 346 N.E.2d 469); or the error complained of

must be so prejudicial that a failure to object is not a waiver under the doctrine of plain error. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

■■ In *People v. Rogers* (1975), 32 Ill. App. 3d 788, 336 N.E.2d 784, defendant objected to the exclusion of a portion of the jury instruction. The objection was made during the jury instruction conference, and made on the record. However, counsel failed to specifically include this alleged error in defendant's post-trial motion. We noted that counsel had knowledge of the alleged error, and that he should have included this objection in his post-trial motion, in order to preserve it for review. The basis for our ruling was simply that post-trial motions have a specific purpose, and it is to give the trial court an opportunity to correct error which occurred during trial, so that the necessity for an appeal might be obviated. In this case the counsel also interposed a specific and timely objection, but failed to incorporate it into his post-trial motion. We will adhere to the general rule, and hold that defendant has waived the alleged error. If we were to consider, in an indiscriminate manner, all error, such as that advanced herein, we would be countenancing an undermining of the purpose of post-trial motions. The only exception to the waiver rule is that if the error complained of constituted plain error, or involved jurisdictional questions. In any case, we do not believe that the error complained of herein was of such a nature as to constitute either plain error, or lack of jurisdiction. As stated in *Pickett*, the plain error rule does not require a reviewing court to take cognizance of all errors. The rule permits the reviewing court to note error, which has deprived defendant of a fair and impartial trial, even though the error was not properly preserved. The rule is a "means of meliorating the harshness of the strict application of the general waiver rule." (54 Ill. 2d 280, 282, 296 N.E.2d 856, 858.) Accordingly, since the alleged error herein did not meet the aforementioned standards, we must affirm the decision of the trial court.

Judgment affirmed.

CRAVEN, P. J., and GREEN, J., concur.