THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL SINCLAIR, Defendant-Appellant.

Third District    No. 80-11

Opinion filed July 8, 1980.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

On October 24, 1978, the defendant, Michael Sinclair, was indicted for the offense of burglary. Counsel other than the Public Defender was appointed for defendant, and in lieu of prosecution, he was placed on two years supervision in order that he obtain treatment as an addict pursuant to section 9 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9). The trial court ordered that the treatment take place at Stonehedge I, or some other appropriate place designed by the Illinois Department of Mental Health and Vocational Disabilities, and requested that the treating facility make quarterly reports to the trial court concerning the defendant's progress.

On March 28, 1979, defendant pleaded guilty to the burglary charge. The factual basis for the plea tended to show that the defendant and several others participated in a burglary in that they entered a warehouse with the intent to commit a theft. The defendant's guilt would be based upon an accountability theory since he never entered the warehouse. Following admonishments to the defendant and acceptance of his plea by the court, entry of judgment on the defendant's plea of guilty was withheld pending the completion of the defendant's treatment.

In a letter to the court dated April 19, 1979, Stonehedge I, the treating facility, reported that defendant was being transferred from in-patient to out-patient status. However, on July 19, 1979, the State's Attorney filed a petition to revoke supervision, alleging that the defendant had violated the terms of the Department of Mental Health's treatment plan by committing a theft and by failing to comply with nine conditions of the treatment plan as outlined in an attached letter from Stonehedge I.

Condition number eight was that the defendant "keep all scheduled appointments with his probation officer, Agnes Moushon."

The cause proceeded to a hearing on August 16, 1979. Before receiving evidence, the trial court ruled that the only appropriate evidence to be presented would be whether the defendant violated the conditions of the treatment plan and not whether he had committed a theft.

William Whitehouse, the defendant's counselor, testified that the defendant's attendance at counseling sessions had been sporadic because he was searching for employment. His attempt to find employment also caused the defendant to miss providing some of his scheduled urine specimens. Yet, one of the conditions of the defendant's treatment plan was to obtain full-time employment. Arthur Kimbrough, the program director for the Human Service Center Stonehedge I, testified that there was no provision under the treatment plan that the person not violate any criminal laws.

Agnes Moushon was defendant's adult probation officer, the defendant having been placed on probation in another case. She testified that the defendant failed to report to her office in April and May of 1979. He was supposed to report once a month as a condition of his probation. There were no scheduled appointments during those months, however, Moushon indicated that she became aware of the defendant's placement on an out-patient basis on April 23, 1979. Neither she nor the defendant took steps to set up appointments.

Following a short continuance, granted over the defendant's objection, Whitehouse was recalled by the State to present further evidence regarding the defendant's failure to provide urine specimens on specific dates. Whitehouse indicated that the defendant's erratic schedule was, for the most part, due to his concerns for his family and efforts to obtain employment. Whitehouse had no indication that the defendant's explanations were lies and had partially verified the defendant's explanations. Furthermore, the results of tests for the presence of drugs conducted on the urine samples submitted by the defendant were negative.

After the State rested, the defendant and his counselor testified. Their testimony related the defendant's efforts to reunite his family and explained that the defendant's wife was suffering from cancer of the uterus.

Following arguments, the trial court granted the State's petition and revoked the defendant's supervision. In so doing, the trial court found that the administrators of Stonehedge had condoned the defendant's conduct involving the failure to provide all his urine specimens. Consequently, the trial court found the failure to provide all his scheduled

urine samples was not a basis for termination of his treatment. On the other hand, the trial court found that the defendant's failure to keep his appointments with his probation officer was a violation of one of the conditions of defendant's treatment and that there was no evidence that the failure to report was due to work or any other reason. Based upon this violation, the trial court terminated the defendant's treatment.

Subsequently, on December 13, 1979, following a presentence investigation and a sentencing hearing, the trial court entered judgment on the defendant's plea of guilty and sentenced the defendant to imprisonment for a term of five years. On December 19, 1979, defendant filed a petition to set aside the guilty plea, alleging that there was insufficient evidence to justify the termination of supervision and drug treatment. Following a hearing, the motion was denied, and the defendant, thereafter, instituted this appeal.

■■ ■ The only issue raised is whether the trial court erroneously terminated supervision since there has been no determination by the Department of Mental Health that the defendant could not be further treated as a medical problem. The relevant portion of the pertinent statute states:

"\* \* \* If the court determines that the individual is an addict and is likely to be rehabilitated through treatment, the court, unless the State's . Attorney consents to defer trial until such time as prosecution is authorized under this Section to be resumed, shall, without a jury, conduct the trial of the individual but may, with the consent of the State's Attorney, defer entering its general finding respecting that individual until such time as prosecution is authorized under this Section to be resumed and place him under the supervision of the Department for treatment for a maximum of 2 years and may require such progress reports on the individual as the court finds necessary. No individual may be placed under the supervision of the Department for treatment under this Section unless the Department accepts him for treatment.

Whenever an individual is placed under the supervision of the Department for treatment under this Section, the criminal charge against him shall be continued without final disposition and shall be dismissed if the Department certifies to the court that the individual has successfully completed the treatment program. If, by the expiration of the period, the Department has not been able to certify that the individual has completed his treatment program, the pending proceeding may be resumed. If, however, the court believes that the individual will complete his treatment on a voluntary basis, it may, in its discretion, dismiss the criminal charge. If, before the supervisory period expires, the Department

determines that the individual cannot be further treated as a medical problem, it shall so advise the court. The court shall thereupon terminate the supervision, and the pending criminal proceeding may be resumed." (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9.)

As it states, this statute applies where the defendant has been charged with a crime but a final disposition has been deferred. Where a defendant has been convicted and placed on probation or has accepted treatment as a condition for parole, failure to comply with the treatment is considered a violation of probation or parole (Ill. Rev. Stat. 1979, ch. 91½, pars. 120.10 and 120.11.) However, those statutes do not pertain to the case at bar, and the only basis for terminating supervision in the factual situation presented is if the department determines that the defendant can no longer be treated as a medical problem and has advised the trial court of that fact. (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9.) In the absence of such a determination, the termination can not stand. See *People v. Prather* (1977), 55 Ill. App. 3d 54, 370 N.E.2d 831.

While the trial court's termination of treatment must be reversed here, this is not to say we condone the careless supervision provided by agents of the Department of Mental Health in this case. The defendant's compliance with the conditions of the department are not matters to be left to the whim of the defendant, and his failure to comply could certainly have been the basis for the department to advise the trial court that the defendant could not be further treated as a medical problem.

However, since the department has not made that determination, the order of the Circuit Court of Peoria County terminating treatment is reversed, and the judgment of conviction of the defendant, and the sentence imposed, are vacated.

Order of termination reversed, and judgment of conviction and sentence vacated.

ALLOY, P. J., and STOUDER, J., concur.