THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DANNY WILLIAMS, Defendant-Appellant.

Third District   No. 3—85—0243

Opinion filed July 11, 1986.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Howard Wertz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Danny Williams, was charged by indictment with two counts of armed robbery. Following a jury trial in the circuit

court of Will County, verdicts of guilty as to each count were returned. Subsequently, the defendant was sentenced to two concurrent six-year terms of imprisonment. The sole issue on appeal is whether the court erred in denying defendant credit for time served pursuant to perjury and obstruction of justice charges, which were subsequently dropped.

The defendant was arrested for his participation in armed robberies which occurred in the village of Romeoville during April 1981. At that time, defendant told the police his name was Larry Williams and that he was 16 years old. He then confessed to his involvement in the armed robberies. Thereafter, defendant was adjudicated a delinquent in juvenile court and was placed on probation.

Several months later, the authorities discovered the defendant was actually 18 years old at the time of the robberies. Accordingly, on February 26, 1982, the juvenile court's orders of adjudication and probation were vacated. The defendant was then charged, as an adult, with perjury and obstruction of justice. On March 1, 1982, defendant was charged by complaint, as an adult, with two counts of armed robbery. Subsequently, defendant was indicted on the two counts of armed robbery, and the perjury and obstruction charges were nol-prossed. Eventually, on March 15, 1982, the defendant was convicted on both counts of armed robbery. A sentencing hearing was conducted on April 11, 1985, whereupon defendant was sentenced to two concurrent terms of six years' imprisonment. The trial judge denied defendant credit for the time he served in custody on the perjury and obstruction of justice charges which had been nol-prossed.

On appeal, the defendant contends the trial court erred by denying him credit against his armed-robbery sentences for the time spent in custody pursuant to the perjury and obstruction-of-justice charges. The State argues the trial court properly denied credit for the period the defendant was held on the perjury and obstruction charges.

Section 5—8—7(c) of the Unified Code of Corrections provides:

> "An offender arrested on one charge and prosecuted on another charge for conduct which occurred prior to his arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—7(c).)

The council commentary to this section states that "[s]ubparagraph (c) provides for the case *** where all confinement since arrest is credited against the sentence even if the original charge is dropped in favor of a new charge which results in conviction and imprisonment."

(Ill. Ann. Stat. ch. 38, par. 1005—8—7, Council Commentary, at 224 (Smith-Hurd 1982).)

In the instant case, the defendant was initially arrested for the armed robberies, however, he was adjudicated a delinquent, placed on juvenile probation and released from custody. When the authorities subsequently discovered the defendant had lied about his name and age, he was arrested and charged with perjury and obstruction of justice. When it appeared to the authorities that charging the defendant, as an adult, for armed robbery would not present a case of double jeopardy, the defendant was so charged and the perjury and obstruction charges were nol-prossed.

■ It is evident to this court that the perjury and obstruction charges arose out of the same conduct for which the defendant was later charged and prosecuted, *i.e.*, armed robbery. Therefore, we find section 5—8—7(c) applicable, and defendant should have been given credit for the time served pursuant to the perjury and obstruction charges. (See *People v. Stevens* (1984), 125 Ill. App. 3d 516, 466 N.E.2d 296.) We have reviewed the cases cited by the State in support of their argument that no credit should be allowed and find these cases inapplicable to the instant case. (See *People v. Stuckley* (1981), 93 Ill. App. 3d 260, 417 N.E.2d 203; *People v. Speller* (1977), 46 Ill. App. 3d 208, 360 N.E.2d 1155.)

■ Finally, there appears to be disagreement as to how many days' credit the defendant should be allowed. The defendant contends he is entitled to at least 43 days' credit and that there is a possibility he should be allowed one additional day because he contends he was arrested one day earlier than the record reflects. The State argues the defendant should only be allowed credit for 42 days, citing as authority section 1.11 of the Statutory Construction Act (Ill. Rev. Stat. 1981, ch. 1, par. 1012) for the proposition that time shall be computed by excluding the first day and including the last.

We are not persuaded of the correctness of the State's position. The State has not cited any cases holding this statute applicable to time served for criminal offenses nor are we aware of any. Rather, we prefer to agree with the court in *People v. Johns* (1984), 130 Ill. App. 3d 549, 474 N.E.2d 739, which ruled that a defendant held in custody for any part of a day should be granted credit against his sentence for that day.

■ As to the question of credit for a 44th day, we decline to remand this matter for such a determination because such would be judicially uneconomical. Rather, we prefer to grant the defendant the additional day and hold the defendant should be allowed a total of 44

days' credit against his concurrent six-year terms of imprisonment.

For the foregoing reasons, the judgment of the circuit court of Will County as to defendant's conviction and sentence is affirmed but the mittimus is amended to provide that the defendant is entitled to 44 days' credit on the sentence so imposed.

Affirmed and modified.

BARRY and WOMBACHER, JJ., concur.