THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MIKE J. BILLINGER, Defendant-Appellant.

Third District   Nos. 3—87—0169, 3—87—0184 cons.

Opinion filed October 22, 1987.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Gerald P. Ursini, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Mike J. Billinger, was charged with two counts of residential burglary. On March 14, 1986, he pleaded guilty to both charges and was placed on supervision for two years in order to obtain treatment as a drug addict pursuant to section 22 of the Alcoholism and Substance Abuse Act (the Act). (Ill. Rev. Stat. 1985, ch. 111½, par. 6322.) The defendant was assigned to Treatment Alternatives to Street Crimes (TASC), a program licensed by the Department of Mental Health.

In November of 1986, the State filed a petition to revoke supervision on the ground that the defendant failed to comply with the requirements of the TASC program. Attached to the petition were re-

ports from TASC which indicated that the defendant had missed a number of scheduled appointments and had failed to provide a number of weekly urine specimens. From the specimens that the defendant did provide, TASC's analyses revealed the presence of illegal drugs in the defendant's system. While undergoing treatment, the defendant had been arrested three times, including once for unlawful use of weapons. The report stated that the defendant refused TASC's request that he be reassessed for inpatient treatment. As a result, the defendant was "expelled from the T.A.S.C. Program for failure to comply with the requirements of said treatment center."

At a hearing on the petition, the defendant admitted his violations of the requirements of the TASC program. The trial court entered a judgment of conviction on the basis of the defendant's failure to complete the two-year treatment program. The court subsequently sentenced the defendant to concurrent four-year terms of imprisonment.

■■ On appeal, the defendant's first argument is that the trial court erred in terminating his supervision because TASC never determined that the defendant could not be further treated as required by section 22 of the Act. The defendant argues that section 22 allows the court to terminate supervision only if the designated licensed program determines that the individual cannot be further treated as an addict. The defendant contends that because TASC did not make the requisite determination, the trial court lacked the authority to revoke his supervision. The State argues that the defendant has waived this issue for failing to raise it in the trial court. We, however, will review the issue as plain error affecting a substantial right. 107 Ill. 2d R. 615(a).

Section 22 of the Act provides in relevant part that where an individual is charged with an offense, and where the State refuses to defer prosecution, the individual may plead guilty to the charge and receive treatment for a period not to exceed two years if the court finds him to be an addict eligible for treatment. (Ill. Rev. Stat. 1985, ch. 111½, par. 6322.) The judgment and conviction will be deferred and the charge will be dismissed if the individual completes the treatment. However: "If, before the supervisory period expires, the licensed program designated by the Department determines that the individual cannot be further treated, it shall so advise the court. The court shall thereupon terminate the supervision, and the pending criminal proceeding may be resumed." Ill. Rev. Stat. 1985, ch. 111½, par. 6322.

The defendant attempts to analogize the instant case to *People v. Sinclair* (1980), 85 Ill. App. 3d 688, 407 N.E.2d 225. In *Sinclair*, the defendant pleaded guilty to burglary and was placed on two years' su-

pervision to obtain treatment as a drug addict. Thereafter, the State filed a petition to revoke supervision. There was evidence that the defendant had failed to attend several counseling sessions and to provide some urine specimens. However, the trial court revoked supervision on the grounds that the defendant missed two appointments with his probation officer. On appeal, this court reversed, finding that the trial court could not have terminated supervision because the treatment facility did not determine that the defendant could no longer be treated.

*Sinclair* is distinguishable from the case at bar. While TASC did not specifically state that the defendant could not "be further treated," it is clear from their report that they made that very determination. Over a five-month period, the defendant missed several counseling appointments and failed to furnish several urine specimens. Of the specimens the defendant did provide, several tested positive for the presence of illegal drugs. Further, the defendant was arrested three times during treatment. There is evidence that despite the above, TASC made every effort to inform the defendant of the consequences of his actions and to persuade him to adhere to the treatment requirements. The defendant failed to do so. TASC then informed the trial court that the defendant had been expelled from their program for failure to comply with their requirements.

■ From the foregoing, we find that TASC implicitly determined that the defendant could no longer be treated. They so advised the court, fulfilling the requirements of section 22 of the Act. We further find that the trial court had the authority to revoke supervision and enter a judgment of conviction against the defendant.

■ The defendant's final argument is that the trial court erred in granting him only 181 days' credit against his prison sentence for time spent in treatment, as the court did not credit the defendant for a fractional day spent in treatment. The defendant asserts that he should have been given credit for March 14, 1986, the day he was sentenced to supervision under TASC, thereby increasing his credit for time served to 182 days. The State initially argues that the issue has been waived. We choose to address the issue. 107 Ill. 2d R. 615(a).

The State alternatively argues that 181 days' credit is correct. The State contends that credit for time served should be calculated excluding the first day, pursuant to section 1.11 of the Statutory Construction Act. (Ill. Rev. Stat. 1985, ch. 1 par. 1012.) The State presented, and this court rejected, the same argument in *People v. Williams* (1986), 144 Ill. App. 3d 994, 495 N.E.2d 685. In *Williams*, as well as in the instant cause, the State failed to cite authority holding

that section 1.11 is applicable to time served for criminal offenses. We again reject the State's argument. We hold that the defendant is entitled to a total of 182 days' credit for time spent undergoing treatment with TASC. *People v. Williams* (1986), 144 Ill. App. 3d 994, 495 N.E.2d 685.

Accordingly, the conviction of the circuit court of Will County is affirmed. The sentence is modified to provide that the defendant is entitled to 182 days' credit for time served in treatment.

Affirmed as modified.

BARRY and STOUDER, JJ., concur.